## A. E. HUBBARD ADMR. *v.* S. D. WITERBOWER.

**Sale, Bill of, Absolute on Its Face—Presumption—Delivery of Possession.**
     A bill of sale, absolute on its face, and the delivery of possession under it, together with the legal capacity of the vendor, have the legal presumptions in their favor, which must be overcome by proof, before it will be rescinded.

APPEAL FROM HARDIN CIRCUIT COURT.

April 15; 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This suit was filed by the appellant in May, 1850, to rescind an absolute bill of sale made by decedent in August, 1846, to Winterbower, for a slave girl, nine years of age, at the price of $275, alleging that it was but a mortgage and that there were included in the consideration usury and false fees as a constable

by appellees. The suit lingered until June, 1868, when the court dismissed it absolutely and which appellant seeks to reverse. About one half the purchase price was paid at the making of the bill of sale, in claims then in Winterbower's hands for collection as a constable, and for the remainder he executed his note, and made payments thereon from time to time until finallly he discharged it in full. Shortly before Hubbard's death which occurred some eighteen months after the date of the bill of sale.

The possession of the slave was delivered on the making the title thereto. The circumstances and evidence in defendant's behalf are so nearly equal, if not preponderating over, those in plaintiff's behalf that it would be entirely unsafe for the exercise of judicial power to rescind the sale as manifested by the written memorial of title at this date especially as the parties could not be put in statu quo because the negro is now dead and if she were alive would be freed by the constitutional amendment abolishing slavery.

It is not necessary to attempt an analysis of this volume of evidence, for both sides present some rather imposing facts to sustain their side of the issue; but the bill of sale, absolute on its face, and the delivery of possession under it, together with the legal capacity of the vendor, have the legal presumption in their favor; besides being sustained by many imposing proven facts, this volume of proof and the legal presumtions are not overcome by the plaintiff's proof which they must be in order to a recovery by her.

Wherefore the judgment is *affirmed.*

*Read, Wilson & Montgomery, for appellant.*

*Wintersmith, Shean, for appellee.*